IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| LISA DESOUZA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 110-130 |
| | * | |
| FEDERAL HOME MORTGAGE CORP. | * | |
| d/b/a Freddie Mae, | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Presently pending is Defendant Federal Home Mortgage Corporation's ("FHMC") motion to dismiss. (Doc. no. 12.) Upon due consideration, Defendant's motion is **GRANTED**.

**I. BACKGROUND**[1]

This case arises from the foreclosure proceedings initiated against two properties located in and around Augusta, Georgia, which were previously owned by Plaintiff Lisa DeSouza. Plaintiff claims FHMC wrongfully foreclosed upon these properties at a time when it had no ownership interest in them, and then initiated unlawful dispossessory proceedings. As a result, Plaintiff, who is proceeding *pro se*, filed a complaint

---

[1] In this motion to dismiss, the Court must accept all facts alleged in the Complaint as true and must construe all reasonable inferences in the light most favorable to Plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).

on September 27, 2010, in which she asserts various claims under federal and state law.

**A. Woodlake Property**

On August 17, 2007, Plaintiff applied for and purchased a rental property located at 3740 Woodlake Road, in Hephzibah, Georgia ("Woodlake property"). Plaintiff purchased the Woodlake property for $120,000.00 from Taylor, Bean, & Whitaker Mortgage Corp. ("TB&W"). On or about December 20, 2008, Plaintiff began to have trouble paying her mortgage due to a drop in rental income and, as a result, sought assistance from TB&W.

On May 22, 2009, TB&W informed Plaintiff that she could seek assistance from its Loss Mitigation Department. A few months later, however, OCWEN Loan Service, LLC ("OCWEN") took over TB&W. On or around this time, Plaintiff filled out the necessary paperwork for a loan modification, but on December 4, 2009, she received notice from OCWEN that it was foreclosing on her home.

Despite this notice, Plaintiff contends that on July 22, 2010, Defendant, not OCWEN, initiated a foreclosure against the Woodlake property. Plaintiff asserts that, at this time, Defendant "was not the owner of said property" and "never possessed the Original Promissory Notes, the Original Security Deeds . . . nor the filed assignments." (Compl. ¶ 10.)

### B. London Property

On February 13, 2006, Plaintiff purchased another property located at 3713 London Boulevard, in Augusta, Georgia ("London property"). Plaintiff purchased this property from Washington Mutual Bank ("Washington Mutual") at a price of $110,000.00. On or about April of 2009, however, Plaintiff began having difficulty paying her mortgage due to a drop in rental income and sought assistance from Washington Mutual.

JP Morgan Chase ("Chase") informed Plaintiff on June 1, 2009, that it had purchased Plaintiff's loan from Washington Mutual. Chase asked Plaintiff to re-submit the documents she had previously sent to Washington Mutual regarding her requested loan modification. On December 4, 2009, Plaintiff received notice from Chase informing her of Chase's intent to foreclose on the London property. Contrary to the notice received, Plaintiff alleges that on April 22, 2010, Defendant, not Chase, foreclosed on the London property. Plaintiff contends Defendant had no ownership interest in the property and the foreclosure was unlawful.

### C. Allegations in Complaint and Motion to Dismiss

Plaintiff alleges Defendant, by foreclosing on her homes knowing that it did not possess the original promissory notes and security deeds, caused her irreparable harm. She further contends Defendant, by "dispossessing Plaintiff from her homes without sufficient Notice violated Plaintiff [sic] right to due

process of law." (Id. ¶ 23.) Finally, Plaintiff asserts Defendant "breached the express warranty vested in the original contracts for both houses," unlawfully "restrained and suppressed the Plaintiff's right to earn a living," and violated her "contractual rights to be secure in the property that she legally purchased." (Id. ¶¶ 26-31.) Plaintiff seeks, *inter alia*, injunctive relief and approximately $1.4 million in compensatory and punitive damages. On February 2, 2011, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. no. 12.) Defendant argues Plaintiff has both failed to state an actionable claim for relief and failed to meet the requisite pleading standards of Rules 8, 9(b), and 65.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheur v. Rhodes, 416 U.S. 232, 236 (1974). The court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1949-50 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible

4

on its face.'" Id. at 1940 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1940. Although there is no probability requirement at the pleading stage, 550 U.S. at 556, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 557 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

### III. DISCUSSION

Plaintiff's Complaint relies largely on her contention that Defendant wrongfully foreclosed upon the Woodlake and London properties. This contention is based upon Plaintiff's assertion that Defendant lacked any ownership interest in the properties at the time of the foreclosures and failed to give her appropriate notice of the proceedings. In its motion to dismiss, Defendant challenges the entire premise of Plaintiff's case, and attaches public records in support of its position. According to Defendant, it never initiated any foreclosure proceedings with regard to the properties at issue. Rather, Defendant contends the Woodlake property was foreclosed upon by OCWEN and the London property was foreclosed upon by Washington Mutual. Defendant states it did not obtain ownership of the properties until *after* foreclosure. Defendant has attached the original security deeds and the foreclosure deeds from both

properties, along with the special warranty deeds that show the transfers alleged, all of which support Defendant's position. (See Doc. no. 12, Exs. 1, 4-6, 9-10.)

In response to the motion to dismiss, Plaintiff states she is "astounded" by Defendant's assertion that it did not foreclose on her properties. She declares this is due to the fact that Defendant's name is listed as the "landlord" on the judgments for writ of possession filed in the Richmond County Superior Court. (See Doc. no. 26 at 17-19.) Plaintiff has attached these writs to her response brief; they are dated April 22, 2010 (London property) and July 22, 2010 (Woodlake property). (Id.)

Generally, "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Eleventh Circuit, however, has recognized a critical exception to this conversion rule where the moving party attaches a document to its motion that is (1) central to the plaintiff's claims and (2) undisputed (i.e. its authenticity is not challenged). Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); see also Lefont v. SunTrust Mortg., Inc., No. 2:10-cv-36, 2011 WL 679426, at *1 (N.D. Ga. Jan. 27, 2011) (taking judicial notice of security deed and finding the defendant was not a party to one of the loan transactions at issue in the case). Moreover, a district court "may take judicial notice of [a] public record, without

converting the motion into one for summary judgment, because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Spechler v. Tobin, 591 F. Supp. 2d 1350, 1356 (S.D. Fla. 2008) (citation omitted).

Upon even a cursory review of Plaintiff's Complaint and her briefs in opposition to Defendants motion to dismiss, it is clear Plaintiff is fundamentally confused about the nature of the proceedings at issue. Plaintiff appears to use the terms "foreclosure" and "dispossession" interchangeably, when in fact these are two entirely different actions. For instance, as stated above, Plaintiff argues Defendant's "admission" that it did not *foreclose* on the properties at issue is "astounding . . . in view of the fact that the Orders of the Court, *Dispossessing* the Plaintiff from both of her properties, was rendered in favor of the Defendant as 'Landlord' owners." (Doc. no. 26 at 5 (emphasis added); see also Compl. ¶ 19 ("Plaintiff maintain [sic] that Defendant, at the time and hour of said *Foreclosure*, was not the owner of said property . . . yet the Defendant conspired to, and did, illegally *Dispossess* your Plaintiff from her home." (emphasis added)); id. ¶ 8 ("Plaintiff further maintain [sic] that while she was led to believe, by OCWEN, that OCWEN was illegally *Foreclosing* on her home . . . Defendant was the true company actually foreclosing . . . in effect, OCWEN used trickery whereby forcing the Plaintiff to think that they, OCWEN, was *Dispossessing* the Plaintiff when in

7

fact the Defendant were being Dispossessing [sic] your plaintiff from her residence." (emphasis added)).)

Given this confusion, there is little question as to why Plaintiff brought this action. Plaintiff apparently believes Defendant wrongfully and illegally foreclosed upon her properties based solely upon the fact that Defendant was the entity that initiated the *dispossessory* proceedings. The documents attached to Defendant's motion, however, demonstrate Defendant did not foreclose upon her properties, but rather dispossessed her from the properties several months *after* the foreclosures occurred, which were conducted by Washington Mutual and OCWEN Loan Servicing, LLC.[2] (See Doc. no. 18, Exs. 1, 4-5, 6, 9-10.) Notably, the dates of the foreclosures set forth in Plaintiff's Complaint directly correspond to the dates on the writs of possession supplied by Plaintiff. (See Doc. no. 26 at 17-19.) Accordingly, Defendant is not a proper party to any action arising from the foreclosures referred to in Plaintiff's Complaint.

Moreover, to the extent Plaintiff may be seeking to raise claims unrelated to the foreclosure proceedings, i.e. illegal dispossession, fraud, unjust enrichment, these claims lack sufficient factual support. As stated above, a complaint must contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Iqbal, 129

---

[2] Nowhere in her briefs does Plaintiff ever question the authenticity of these documents.

S. Ct. at 1940 (citing Twombly, 550 U.S. at 570). Furthermore, Fed. R. Civ. P. 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." The specific purpose of this Rule is to "alert[] defendants to the precise misconduct with which they are charged" and to protect them "against spurious charges of immoral and fraudulent behavior." Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988) (citation omitted). A plaintiff is generally held to have complied with the Rule 9 if the Complaint sets forth,

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)). However, alternative means are also available to satisfy the Rule. Durham, 847 F.2d at 1512.

The Court recognizes Plaintiff, despite her apparent confusion, may be attempting to make an independent claim for wrongful dispossession. See Ikomoni v. Exec. Asset Mgmt., 309 Ga. App. 81, 84 (2011) ("If the landlord evicts a tenant without filing a dispossessory action and obtaining a writ of

9

possession, or without following the dispossessory procedures for handling the tenant's personal property, the landlord can be held liable for wrongful eviction and trespass."). With regard to this potential claim, however, Plaintiff only provides bare conclusions and no supporting facts beyond the allegations related to the wrongful foreclosure claim. (See, e.g., Compl. ¶¶ 10 & 19 (alleging Defendant "conspired to, and did, illegally Dispossess your Plaintiff from her home").) These bare assertions of illegal conduct, standing alone, are insufficient to overcome Defendant's motion to dismiss. Moreover, Plaintiff's claim that Defendant "committed fraud" (Compl. ¶ 25) does not meet the requirements of Rule 9—Plaintiff does not specifically identify the alleged fraudulent acts, when they occurred, and what Defendant may have obtained as a consequence of the fraud.

In sum, Plaintiff's claim of wrongful foreclosure is clearly based upon a misunderstanding of the applicable law and is belied by public documents of which the Court is allowed to take judicial notice. Moreover, with regard to the remaining claims, Plaintiff relies almost exclusively on legal conclusions and thus they also should be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's Complaint (doc. no. 12) is hereby **GRANTED**. Nevertheless, where it appears that a more carefully drafted complaint might state a claim, the Eleventh Circuit has stated that district courts should give *pro se* plaintiffs an opportunity to amend. <u>Schmitt v. U.S. Office of Personnel Mgmt.</u>, 403 Fed. Appx. 460, 462 (11th Cir. 2010). Accordingly, Plaintiff shall have fourteen (14) days to file an amended complaint that contains sufficient factual allegations to support those claims deemed too conclusory to overcome Defendant's motion to dismiss. Failure to file an amended complaint within the time period allotted will result in the dismissal of all claims with prejudice and the closing of this case.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of September, 2011.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA