IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| LISA DESOUZA, | * | |
| Plaintiff, | * | |
| v. | * | CV 110-130 |
| FEDERAL HOME MORTGAGE CORP. d/b/a Fannie Mae, OCWEN LOAN SERVICING LLC, and J.P. MORGAN CHASE BANK, N.A., | * | |
| Defendants. | * | |

**O R D E R**

Presently pending before the Court is Federal Home Mortgage Corporation ("FHMC"), Ocwen Loan Servicing, Inc. ("OCWEN") and J.P. Morgan Chase Bank, N.C.'s ("Chase") (collectively "Defendants") motion to dismiss Plaintiff's Amended Complaint (doc. no. 34) and Lisa DeSouza's ("Plaintiff") Motion to Deny Defendants' Second Motion to Dismiss Plaintiff's Complaint. (doc. no. 35). Upon due consideration, Defendants' motion is **GRANTED** and Plaintiff's motion is **DENIED**.

## I. Background

### A. Factual Background[1]

This case arises from foreclosure proceedings initiated against two properties located in and around Augusta, Georgia, which were previously owned by Plaintiff. On August 17, 2007, Plaintiff purchased a rental property located at 3740 Woodlake Road, in Hephzibah, Georgia ("Woodlake property").[2] (Compl. at 2.) Plaintiff purchased the Woodlake property for $120,000.00 from Taylor, Bean, & Whitaker Mortgage Corporation ("TB&W"). (Id. at 2, 3.) On December 20, 2008, Plaintiff began having trouble paying her mortgage due to a drop in rental income and, as a result, sought assistance from TB&W. (Id.)

On May 22, 2009, TB&W informed Plaintiff that she could seek assistance from its Loss Mitigation Department. (Id.) A few months later, however, OCWEN acquired TB&W. (Id.) Around this time, Plaintiff filled out the necessary paperwork for a loan modification, but on December 4, 2009, she received notice from OCWEN that it was foreclosing on her home. (Id.) FHMC dispossessed Plaintiff of this property several months after the foreclosure occurred. (Am. Compl. at 5.)

On February 13, 2006, Plaintiff purchased another property located at 3713 London Boulevard, in Augusta, Georgia ("London

---

[1] In deciding this motion to dismiss, the Court must accept all facts alleged in the Complaint as true and must construe all reasonable inferences in the light most favorable to Plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).

[2] Given Plaintiff's *pro se* status and the fact that the Amended Complaint does not provide a statement of facts, the Court has incorporated certain facts from the original Complaint into this Order.

property"). (Compl. at 4.) Plaintiff purchased this property from Washington Mutual Bank ("Washington Mutual") at a price of $110,000.00. (Id.) As with the Woodlake property, Plaintiff could not pay her mortgage due to a drop in rental income and sought assistance from Washington Mutual. (Id. at 5.)

Chase informed Plaintiff on June 1, 2009, that it had purchased Plaintiff's loan from Washington Mutual. (Id.) Chase asked Plaintiff to re-submit the documents she previously sent to Washington Mutual regarding her requested loan modification. (Id.) On December 4, 2009, Plaintiff received notice from Chase that it intended to foreclose on the London property. (Id. at 6.) FHMC dispossessed Plaintiff from this property several months after the foreclosure occurred. (Am. Compl. at 5.)

**B.  Procedural Background**

On September 27, 2010, Plaintiff, proceeding *pro se*, filed a complaint against Defendant FHMC asserting various claims under federal and state law. (Doc. no. 1.) FHMC subsequently filed a motion to dismiss on the grounds that Plaintiff failed to state an actionable claim for relief and failed to meet the requisite pleading standards of Federal Rules of Civil Procedure 8, 9(b), and 65. (Doc. no. 12.)

In its September 14, 2011 Order, the Court dismissed Plaintiff's claims without prejudice and provided Plaintiff with the opportunity to file an amended complaint.[3] (Doc. no. 30.) As

---

[3] In granting Plaintiff leave to amend her Complaint, the Court stated that, "Plaintiff's claim of wrongful foreclosure is clearly based upon a misunderstanding of the applicable law and is belied by public documents of

3

instructed, Plaintiff filed her Amended Complaint on September 27, 2011. (Doc. no. 31.) Plaintiff's Amended Complaint alleges that Defendants Chase and OCWEN wrongfully foreclosed upon her two rental properties. (Am. Compl. at 3, 4.) Additionally, Plaintiff alleges that FHMC illegally dispossessed her from these properties and that the actions of all three Defendants constitute fraud. (Id. at 4, 5.) On October 18, 2011, Defendants filed a motion to dismiss. (Doc. no. 34.) Defendants argue that Plaintiff's Amended Complaint fails to state a claim for relief and meet the requisite pleading standards of Rules 8, 9(b), and 65.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheur v. Rhodes, 416 U.S. 232, 236 (1974). The court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).

---

which the Court is allowed to take judicial notice. Moreover, with regard to the remaining claims, Plaintiff relies almost exclusively on legal conclusions...." (Doc. no. 30 at 10.) The Court warned that Plaintiff's amended complaint must contain "sufficient factual allegations to support those claims deemed too conclusory to overcome Defendant's motion to dismiss." (Id. at 11.)

4

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. Although there is no probability requirement at the pleading stage, 550 U.S. at 556, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 557 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

### III. DISCUSSION

#### A. Wrongful Foreclosure

In her Original Complaint, Plaintiff alleged that the foreclosures were wrongful because FHMC lacked a legal right to foreclose. However, in her Amended Complaint, Plaintiff adds Chase and OCWEN as Defendants and appears to abandon her initial theory that FHMC did not have the right to foreclose. Instead, Plaintiff now claims that Chase and OCWEN, not FHMC, wrongfully foreclosed on her properties by failing to provide proper notice under O.C.G.A. §44-14-162.2 and the Due Process Clause of the United States Constitution. The Court will address these arguments in turn.

  1.  <u>Notice Pursuant to O.C.G.A. § 44-14-162.2</u>

Plaintiff contends that O.C.G.A. § 44-14-162.2 required Defendants Chase and OCWEN to send the foreclosure notices to her

California address because they were aware that the California address was her primary residence. Because Chase and OCWEN sent the notices to the Woodlake and London properties instead, Plaintiff alleges that the notice was improper.[4]

Under Georgia law, "notice shall be in writing and shall be sent by registered or certified mail, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor." O.C.G.A. § 44-14-162.2; see also Zeller v. Home Fed. Sav. & Loan Ass'n. of Atlanta, 220 Ga. App. 843, 845 (1996). Further, "O.C.G.A. § 44-14-162.2(a) plainly requires the secured creditor send notice to the property address *unless* the debtor designates in writing another address." Zeller, 220 Ga. App. at 845 (emphasis added).

Based on Plaintiff's concession that notices were sent to the rental properties, it is clear that the notice Defendants provided was sufficient. If Plaintiff wished to receive notice at a location other than the rental properties, she was required to specify another address in writing, which she failed to do. Further, Defendants' actual knowledge of Plaintiff's California address did not trigger a duty for Defendants to send the notice to that address. See Id. (disagreeing with the plaintiff's assertion

---

[4] The Court may take judicial notice of the foreclosure notices sent to Plaintiff's rental properties because they are undisputed and central to Plaintiff's claim. See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). (holding that where documents are undisputed and central to a plaintiff's claim, a court may consider them on a motion to dismiss without converting it into a motion for summary judgment).

6

that the defendant's actual knowledge of plaintiff's home address triggered a duty to send the notice there).

Plaintiff cites <u>Nat'l Bldg. Assn. v. Quin</u>, 120 Ga. 358 (1904), <u>Bankers Mut. Cas. Co. v. Peoples Bank of Talbotton</u>, 127 Ga. 326 (1907), and <u>Barnett v. Floyd Cnty. Nova Kola Bottling Co.</u>, 18 Ga. App. 413 (1916) for the proposition that Defendants improperly addressed the notices, and thus there is no presumption that Plaintiff ever received the notices. These cases, however, are inapposite as they do not involve O.C.G.A. § 44-14-162.2. Chase and OCWEN complied with the Georgia notice provisions and foreclosure statutes, and therefore, Plaintiff's claim for wrongful foreclosure based on improper notice must be dismissed.

2. <u>Notice Pursuant to the Due Process Clause</u>

Plaintiff further alleges that Defendants' failure to provide notice at her California address violates the Due Process Clause of the United States Constitution. Specifically, Plaintiff alleges that Defendants "failed to give [her] Notice . . . pursuant to the due [sic] Process Clause of the U.S. Constitution, which also require [sic] Notice and an opportunity to be heard before losing private property." (Am. Compl. at 4.) Plaintiff claims that "the Due Process Clause to the U.S. Constitution . . . demand [sic] that prior to the taking of Private Property, the property owner must be notified and given an opportunity to show cause as to why his or her property should not be confiscated." <u>Id.</u> at 7.

"The Due Process Clause prohibits *state* action that deprives a United States citizen of life, liberty, or property. . . ." McCiskill v. Deidrich, No. 3:10-CV-56, 2010 WL 1187882, at *2 (N.D. Fla. Feb. 24, 2010) (emphasis added). The Eleventh Circuit has held that there can be no due process violation in a private foreclosure sale because there is no state action. Crooked Creek Props., Inc. v. Hutchinson, 432 Fed. Appx. 948, 949 (11th Cir. 2011). Here, Plaintiff's properties were foreclosed upon by Defendants Chase and OCWEN, both of whom are private actors.[5] Accordingly, Plaintiff's due process claim is meritless and must be dismissed.

### B. Dispossessory Hearing

Plaintiff additionally alleges that FHMC illegally dispossessed her of the properties by failing to provide notice of the time and date of the dispossessory hearings. However, "after [a] foreclosure sale, the former owner cannot attack dispossession without first setting aside the foreclosure and deed." Owens v. Green Tree Servicing, LLC, 300 Ga. App. 22, 23 (2009) (quoting Hurt

---

[5] Defendants are private corporations, and Plaintiff has not alleged sufficient facts to satisfy any of the three tests whereby their actions as private actors would be considered state action. She does not allege that Defendants partake in traditional functions of the state sufficient to satisfy the public function test. See Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003). Further, she does not allege that Defendants' actions were coerced or encouraged by the government so as to satisfy the state-compulsion test. Id. Finally, Plaintiff does not allege that the government was in a position of interdependence with any of the Defendants to satisfy the nexus joint-action test. Id.; see also Kennedy v. U.S., No.11-14402, 2012 WL 1758660 (11th Cir. May 17, 2012) (holding plaintiff's due process claim was without merit because defendants, including OCWEN, constitute private parties and had not engaged in any state action).

8

v. Norwest Mortg., 260 Ga. App. 651, 659 (2003)). "The purchaser at a foreclosure sale under a power of sale in a security deed is the sole owner of the property until and unless the sale is set aside." Jackman v. LaSalle Bank, 299 Ga. App. 894, 895 (2009). Here, Plaintiff's claim for wrongful dispossession fails because the foreclosures have not been set aside. Accordingly, Plaintiff's claim for illegal dispossession shall be dismissed.[6]

**C.  Fraud**

Plaintiff lastly alleges that she was "defrauded out of her property" based on communications she had with Defendants and their respective attorneys. Specifically, Plaintiff alleges that Defendants led her to believe that her rental properties were safe from foreclosure.

---

[6] Even if Plaintiff could attack the dispossession, her claim would prove unsuccessful because of her failure to comply with Federal Rule of Civil Procedure 8. Rule 8 requires a plaintiff to plead "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). While this pleading standard does not require detailed factual allegations, labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at 545. Rule 8 requires more than merely "naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal quotation marks omitted).

Here, Plaintiff merely states that "FHMC failed and refused to Notify [sic] Plaintiff of the time and date of the Dispossessory Hearings [sic] that was held that resulted in Plaintiff being dispossessed from her property listed hereon." (Am. Compl. at 5.) Plaintiff fails to indicate whether FHMC provided any notice at all, provided deficient notice, or sent the notice to the Woodlake and London properties instead of her California address. Plaintiff's claim therefore lacks sufficient factual support to state a claim for relief that is plausible on its face.

1. Rule 9(b)[7]

"[I]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). To sufficiently plead a claim for fraud, plaintiffs in Georgia must establish five elements: "a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." Kabir v. Statebridge Co., LLC, No. 1:11-CV-2747, 2011 WL 4500050, at *6 (N.D. Ga. Sept. 27, 2011) (quoting Baxter v. Fairfield Fin. Servs., 307 Ga. App. 286, 293 (2010)). This rule alerts defendants to the precise misconduct with which they are charged and protects defendants against spurious charges of fraudulent behavior. Steinberg v. Barclay's Nominees, No. 04-60897, 2008 WL 4601043, at *11 (S.D. Fla. Sept. 30, 2008) (citing Brooks v. Blue Cross Blue Shield of Fla., Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997)). The Eleventh Circuit has held that compliance with Rule 9(b) requires a complaint to set forth the following:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

---

[7] While *pro se* pleadings are held to a less stringent standard, Plaintiff's *pro se* status will not excuse her mistakes regarding procedural rules. Gamory v. Suntrust Mortg., Inc., No. 1:10-CV-3749, 2011 WL 7063378, at *3 (N.D. Ga. Dec. 16, 2011).

Kabir, 2011 WL 4500050, at *6.

Plaintiff's Amended Complaint is insufficient to satisfy the heightened pleading standard of Rule 9(b).[8] Plaintiff fails to allege precisely what statements were made and merely states that "she was under the belief, (tricked-defrauded) based on communications between herself and each of the Defendants, either directly or through their respective Lawyers . . . who represented the Defendants in *all* of the Foreclosure and Dispossessory Procedures." (Am. Compl. at 5.) While Plaintiff specifies that Defendants led her to believe that her loans would be modified, she fails to allege any supporting details of the loan modification statements and how they caused her to believe that her properties were safe from foreclosure. Plaintiff additionally alleges that Defendants misled her, but does not specify who made the statements, where they were made, the specific content of the statements, and how Defendants benefitted as a consequence. While Plaintiff has sufficiently pled several elements of fraud, her failure to allege each Rule 9(b) element with the requisite specificity proves fatal to her claim.[9]

---

[8] In a motion to dismiss, the Court "generally may not consider matters outside the pleadings . . . ." Darnell v. West, No. 2:10-CV-0281, 2011 WL 3468376, at *2 (N.D. Ga. July 12, 2011). Therefore, while Plaintiff's response to Defendants' motion to dismiss provides a more detailed explanation of the "who, what, when, and where" of her fraud claim, the Court cannot consider those assertions in its analysis.

[9] Plaintiff's allegation that the communications took place sometime between February 23, 2009 and March 9, 2009, likely meets the Rule 9(b) requirement that a plaintiff must specify the time when the statements were made. Additionally, Plaintiff has sufficiently alleged how Defendants'

11

2. Statute of Frauds

In her Amended Complaint, Plaintiff fails to specify whether the communications she had with Defendants and their respective attorneys were oral or in writing. The Court is therefore unable to determine the applicability of the statute of frauds.

"[T]he statute of frauds requires that a contract for the sale of an interest in lands shall be in writing, and any modification of a written contract required by law to be in writing must also be in writing in order to be valid." Ogburn v. Chase Home Fin. LLC, No. 1:11-CV-1856, 2011 WL 5599150, at *2 (N.D. Ga. Nov. 16, 2011) (quoting Jarman v. Westbrook, 134 Ga. 19 (1910)). In Georgia, contracts for the sale of lands, including non-judicial foreclosure sales, are subject to the statute of frauds. James v. Safari Enters., 244 Ga. App. 813, 814 (2000) (citing Seymour v. Nat'l Bldg. & Loan Ass'n, 116 Ga. 285, 285 (1902)). Because the foreclosures at issue constitute non-judicial foreclosure sales, the communications between Plaintiff, Defendants, and their respective attorneys are subject to the statute of frauds. The Court must therefore discern the type of statements made (written or oral) in order to assess Plaintiff's fraud claim.

Due to Plaintiff's *pro se* status, the Court will allow Plaintiff an opportunity to amend her fraud claim to comply with the Rule 9(b) pleading standard and the statute of frauds. Plaintiff must specifically allege what statements were made, the

---

statements misled her, by claiming that Defendants' communications suggested that Plaintiff's properties were safe from foreclosure.

12

content of those statements, who made them, when they were made, where they were made, how they misled Plaintiff, and what Defendants obtained as a consequence. Additionally, Plaintiff must address whether Defendants' statements were oral or in writing. These allegations *must* be contained in the *Second Amended Complaint* and cannot be made in response to a motion to dismiss.[10]

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's Amended Complaint (doc. no. 34) is hereby **GRANTED** and Plaintiff's Motion to Deny Defendants' Second Motion to Dismiss Plaintiff's Complaint is **DENIED**. Plaintiff's claims for wrongful

---

[10] In her original Complaint, Plaintiff alleged that Defendants committed fraud and "thereby unjustly enriched himself [sic] by said event." (Compl. at 7.) Due to Plaintiff's *pro se* status, the Court will consider this claim despite its absence in Plaintiff's Amended Complaint.

With regard to her unjust enrichment claim, the Court's September 14, 2011 Order advised Plaintiff that this claim lacked sufficient factual support to state a claim for relief. Plaintiff's Amended Complaint, however, does not cure this deficiency. A claim for unjust enrichment must show: "(1) plaintiff has conferred [a] benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." Williams v. Wells Fargo Bank, No. 11-CV-21233, 2011 WL 4368980, at *8 (S.D. Fla. Sept. 19, 2011). Plaintiff's Amended Complaint does not set forth these required elements. Moreover, under Georgia law, a valid contract precludes claims for unjust enrichment. Wideman v. Bank of Am., No. 3:11-CV-145, 2011 WL 6749829, at *4 (M.D. Ga. Dec. 23, 2011). Here, the security deeds are valid and thus a claim for unjust enrichment is untenable.

Plaintiff's original Complaint additionally presented a claim for breach of the "express warranty vested in the Original Contracts, for both Houses [sic], which guaranteed to Plaintiff the right to be free in her ownership of her property, free of illegal confiscation of said property by the Defendant, without Due Process of Law." (Compl. at 8.) As stated above, Plaintiff's *pro se* status has prompted the Court to consider this claim. The Court, however, finds this claim is meritless due to Plaintiff's lack of sufficient factual support, as required by Iqbal, 556 U.S. 662.

foreclosure, illegal dispossession, unjust enrichment, and breach of express warranty are **DISMISSED WITH PREJUDICE**. Plaintiff's fraud claim is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have **fourteen (14) days** from the date of this Order to file a second amended complaint correcting the deficiencies identified above.[11] Failure to plead fraud with the requisite specificity and identify whether the statements were oral or in writing within the time period allotted will result in the dismissal of the claim with prejudice and the closing of this case. In the interest of judicial efficiency, upon the filing of the second amended complaint, the Court will review it to ensure that Plaintiff complied with this Order before setting an appropriate deadline for Defendants' responses.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of August, 2012.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[11] The Court notes that in order to successfully amend, Plaintiff must also comply with the service of process requirements set forth in Federal Rule of Civil Procedure 4. Presently, there is no indication that Chase and OCWEN waived service, and Plaintiff has not provided proof of service to show that service was ever perfected. Because this Court may only exercise personal jurisdiction over Defendants if the procedural requirements of service of summons are satisfied, Plaintiff must perfect service in order for the Court to properly consider her fraud claim. Ogburn, 2011 WL 5599150, at *1.